UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 98-137(2)(DSD)

United States of America,

       Plaintiff,

v.                                                                                      **ORDER**

Jose Luis Villanueva Monroy,

       Defendant.

      Andrew S. Dunne, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

      Jose Luis Villanueva Monroy, #10752-041, FCI-Fort Dix, P.O. Box 38 West 5812, Fort Dix, NJ 08640, defendant pro se.

      This matter is before the court upon the pro se motions by defendant Jose Luis Villanueva Monroy to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and to appoint counsel. On May 19, 2003, Monroy pleaded guilty to Count 1 of the Fifth Superseding Indictment alleging conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.

      The court may modify a term of imprisonment when the Sentencing Commission subsequently lowers a sentencing range. 18 U.S.C. § 3582(c). In 2014, the Sentencing Commission promulgated Amendment 782, which retroactively reduces the base offense level for many drug offenses by two levels. See U.S.S.G. §§ 1B1.10, 2D1.1(c); id. App. C, Amend. 782. However, the court cannot reduce a sentence if the defendant was not "sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); Dillon v. United States, 560 U.S. 817, 826 (2010).

At sentencing, Monroy was held accountable for 55 kilograms of methamphetamine, which resulted in a base offense level of 38. U.S.S.G. § 2D1.1. Monroy received a four-level enhancement for being a leader of the criminal activity, and a three-level reduction for acceptance of responsibility. U.S.S.G. §§ 3D1.1(b), 3E1.1. With a total offense level of 39 and a criminal history category of I, Monroy's advisory guideline range of imprisonment was 262 to 327 months. The court sentenced Monroy to 290 months' imprisonment.

Even considering Amendment 782, Monroy still has a base offense level of 38 because his crime involved 45 kilograms or more of methamphetamine. See U.S.S.G. § 2D1.1. Thus, Amendment 782 does not lower Monroy's offense level or sentencing range, and the court lacks the legal authority to reduce his sentence. 18 U.S.C. § 3582(c)(2) (stating that a court may reduce a defendant's sentence if it is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"); see United States v. Wanton, 525 F.3d 621, 622 (8th Cir. 2008) (affirming the district court's denial of § 3582(c)(2) relief because the offense level based on the amount of drugs involved did not change after the amendment); United States v. Woodson, No. 08-

2

2022, 280 F. App'x 568 (8th Cir. 2008) (same).

Monroy also asks for appointment of counsel. However, a defendant has no Sixth Amendment right to counsel in a § 3582(c) proceeding. <u>United States v. Brown</u>, 565 F.3d 1093, 1094 (8th Cir. 2009). The court declines to appoint counsel, given the straightforward nature of the issue.

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) [ECF No. 912] is denied; and

2. The motion to appoint counsel [ECF No. 903] is denied.

Dated:  December 14, 2015

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court
